PITTA & GIBLIN LLP
120 Broadway, 28th Floor
New York, NY 10271
212.652.3890
*Attorneys for Defendant*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman
Vincent F. Pitta

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRINA MORDUKHAYEV,<br><br>Plaintiff,<br><br>– against –<br><br>HILTON TIMES SQUARE, SUNSTONE HOTEL PROPERTIES INVESTORS, INC., HILTON HOTELS CORPORATION, FC42 HOTEL LLC, SUNSTONE 42ND STREET LLC, SUNSTONE 42ND STREET LESSEE, INC., SUNSTONE HOTEL PROPERTIES, INC. D/B/A HILTON TIMES SQUARE, SUNSTONE HOTEL OP, SECURE WATCH24 D/B/A SW24, SLAVKA KMEE, FOSTER BURNETT, ROCCO CASTELLANO, AND NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO (Union),<br><br>Defendants. | Case No. CV-11-615 (ENV)(CLP)<br><br>(Served 3/18/11) |

**MEMORANDUM OF LAW OF DEFENDANT NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO (UNION) IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)**

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES ........................................ i-ii

FACTS ........................................ 1

LEGAL STANDARD ........................................ 5

ARGUMENT ........................................ 6

THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO MEET THE HEAVY BURDENOF ALLEGING FACTS SUFFICIENT TO ESTABLISH A BREACH OF THE UNION'S DUTY OF FAIR REPRESENTATION ........................................ 6

CONCLUSION ........................................ 11

# TABLE OF AUTHORITIES

**Page No.**

**CASES**


Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) .......................... 5

Air Line Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67 (1991) .................................................. 8, 9

Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) ............................................. 6

Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge, 403 U.S. 274, 299 (1971) ........................................................................................................ 8

Artega v. Bevona, 21 F.Supp.2d 198, 207 (E.D.N.Y. 1998) ....................................................... 8

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ........................................................................... 5

Barr v. United Parcel Service, Inc., 868 F.2d 36, 43-44 (2d Cir. 1989) ................................ 7, 8, 9

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) ........................................................................................................ 5

Burns Int'l Sec. Serv. Inc. v. Int'l Union. United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir. 1994) ........................................................................................................ 5

Chaney v. Greyhound Lines, Inc., 2010 WL 2541369 * 2 (S.D.N.Y. 2010) ............................. 6, 9

Cook v. Pan Am. World Airways, Inc., 771 F.2d 635, 645 (2d Cir. 1985) .................................... 8

D'Allesio v. New York Stock Exchange, Inc., 258 F.3d 93, 99 (2d Cir. 2001) ............................. 5

Dennis v. Local 804, IBT, 2009 WL 1473474 at *5 .............................................................. 6, 7, 9

Hagie v. General Motors Corp., 1999 WL 222607 * 2 (W.D.N.Y. 1999) ..................................... 5

Hughes v. Lillian Goldman Family, L.L.C., 153 F.Supp.2d 435, 439 (S.D.N.Y. 2001) ................. 6

Hussein v. Sheraton N.Y. Hotel, 100 F.Supp.2d 203, 208 (S.D.N.Y. 2000) ................................. 7

Leonard F. v. Israel Discount Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) ...................... 6

Nicholls v. Brookdale Univ. Hosp. and Med. Ctr., 2005 WL 1661093 * 7 (E.D.N.Y. 2005) aff'd, 204 F.App'x. 40 (2d Cir. 2006) ........ 7, 8, 9

Nieves v. District Council 37, AFSCME, AFL-CIO, 2009 WL 4281454 * 10-12 (S.D.N.Y. 2009) ........ 8

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) ........ 5

Samuels v. Air Transp. Local 504, 992 F.2d 12, 16 (2d Cir. 1993) ........ 7

Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994) ........ 5

Sim v. New York Mailers' Union, 166 F.3d 465, 472 (2d Cir. 1999) ........ 7

Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998) ........ 8

United Steelworkers of Am. v. Rawson, 495 U.S. 362, 372-73 (1990) ........ 8

Weinstein v. Albright, 261 F.3d 127, 131 (2d Cir. 2001) ........ 5

Weixel et al. v. Board of Education et al., 287 F.3d 138, 145 (2d Cir. 2002) ........ 5

Ziemba v. Wezner et al., 366 F.3d 161, 163 (2d Cir. 2004) ........ 5

**STATUTES**

Section 301 of the Labor Management Relations Act, 29 USC 185 ........ 1, 7

Fed. R. Civ. P. 7(a) ........ 6

Fed. R. Civ. P. 10(c) ........ 6

Fed. R. Civ. P. 12(b)(6) ........ 5, 9

Fed. R. Civ. P. 12(c) ........ 1, 5, 9

**MEMORANDUM OF LAW OF DEFENDANT NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO (UNION) IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)**

Defendant NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO ("Union"), by its undersigned counsel, submits this Memorandum of Law in support of its motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") against the Verified Complaint dated January 13, 2011 (the "Complaint") of Plaintiff Irina Mordukhayev ("Plaintiff" or "Mordukhayev"). Inasmuch as the pleadings themselves prove that Plaintiff has not carried her "enormous burden" under Section 301 of the Labor Management Relations Act, 29 USC 185 of pleading any issue of law supporting a claim against the Union, judgment should be entered directly dismissing the Complaint.

## FACTS[1]

The Union is a labor organization within the meaning of federal labor law representing workers employed in the hotel industry of the City of New York, pursuant to a collective bargaining agreement known as the Industry Wide Agreement between the Union and the Hotel Association of New York City Inc. (Complaint ¶71; Answer ¶8, Saltzman Aff., Ex. 3). The Union represented Plaintiff Mordukhayev at the Hilton Times Square Hotel ("Hotel"), where she had been employed as a room attendant since May 2000 (Complaint ¶¶11, 15, 33; Answer ¶15, 33).

On or about December 20, 2009, the Hotel discharged Mordukhayev for alleged theft of a cell phone from an empty guest room. (Complaint ¶28). The Union immediately

[1] Citations are to the pleadings as attached as Ex. 1 ("Complaint") and Ex. 2 ("Answer") to the Certification of Barry N. Saltzman ("Saltzman Ex. ___") submitted for the Court's convenience herewith. Exhibits to the Answer consist of the "Grievance Board Report" concerning Plaintiff's grievance (Ex. B to the Answer), the arbitration award sustaining Plaintiff's discharge (the "Award", Ex. C to the Answer), a letter from Plaintiff's counsel to the Union ("Rainer Letter", Ex. D to the Answer), and rulings of the US National Labor Relations Board ("NLRB"), Ex. E to the Answer.

challenged the discharge and brought Mordukhayev's case to arbitration at two hearings before the Office of the Impartial Chairman ("OIC"), the industry arbitrator, on May 5 and July 6, 2010 (Complaint ¶¶33, 34; Answer ¶¶34, 82, Ex. C, Award, Ex. D, Rainer Letter; Saltzman Ex. 2, 3). During the grievance process, the Union obtained a copy of a videotape made by the Hotel of Mordukhayev entering the room, picking up the cell phone and charger from the desk, and taking them away from the desk off camera (Complaint ¶24; Answer, Ex. B, Grievance Board Report at Saltzman Ex. 1, 2). The Union also obtained a copy of the Hotel's security report tracking the cell phone by GPS to an area near Mordukhayev's home, and of a video showing that Mordukhayev's supervisor, Slavka Kmee, had remained at the Hotel during the time the GPS tracked the cell phone to Queens. (Complaint ¶¶31, 32; Answer ¶¶22, 24, 32, Ex. B; Grievance Report, Ex. D, Rainer Letter p. 5 at Saltzman Ex. 1, 2). In the grievance process, the Union Grievance Board interviewed Mordukhayev to determine whether to take the case to arbitration (Answer, Ex. B, Grievance Board Report at Saltzman Ex. 2). Despite concerns regarding her case, the Grievance Board voted to advance Mordukhayev's grievance to arbitration by a vote of four to two. (Id.)

At the arbitration hearings on May 5 and July 6, 2010, Mordukhayev was accompanied and advised by her personal attorney, Violet Samuels (Answer, Ex. C, the Award p. 1, note 1, Ex. D, Rainer Letter at Saltzman Ex. 2), while her case was presented to the arbitrator by Union appointed attorney, Michael D'Angelo, an associate at Pitta & Giblin LLP. Samuels advised Mordukhayev not to testify at hearing but to rely on the circumstantial nature and procedural defects of the Hotel's case, and Mordukhayev did not testify (Complaint ¶34; Answer, Ex. D, Rainer Letter p. 2 at Saltzman Ex. 1, 2). Instead, D'Angelo challenged the sufficiency of the Hotel's case (Answer, Ex. C, Award at Saltzman Ex. 2). Following the close

of hearings, the arbitrator issued his Award on July 27, 2010. (Complaint ¶34; Answer, Ex. C at Saltzman Ex. 1, 2). The Award indicates that the arbitrator was indeed troubled by the defects in the Hotel's case elicited by the Union's defense, but nevertheless found the Hotel's proof sufficient to sustain the discharge (Complaint ¶34; Answer, Ex. C, Award p. 3). The arbitrator concluded:

> "Despite the incompetent handling of the covert operation, that fact did not break the rings of circumstantial evidence. The Hotel proved that it installed a GPS – cell phone in the room to which Grievant was assigned to service, that Grievant removed the property from the desk; that she neither returned it to its former location nor turned in the phone to Housekeeping for safekeeping; that a GPS signal commenced right after she exited the Hotel; and, tracking of the phone continued to the very area where she resided. That proof is sufficient. Accordingly, but with the noted criticisms of the Hotel, the Chairperson finds that the Hotel had just cause to discharge Irina Mordukhayev." (Id.)

Mordukhayev filed unfair labor practice charges with the U.S. National Labor Relations Board (the "NLRB") against "Club Employees and Bartenders Union, Local 6 UNITE-HERE" ("Local 6"), a local union affiliated with the Union in representing workers like Mordukhayev at the Hotel, on or about October 20, 2010. Mordukhayev alleged that the Union had failed to adequately represent her at arbitration "in violation of the Union's duty of fair representation." (Answer, Ex. D at Saltzman Ex. 2). The NLRB dismissed the charges over Mordukhayev's appeal, by letter dated January 14, 2011, finding that the Union acted properly. (Id.) The NLRB also explained that "a grievant has no right to dictate to the Union what arguments are to be made or what testimony is to be sought at arbitration. . . Neither is the Union required to exercise every option, or to advocate the case in a perfect manner" (Id., citations omitted).

Mordukhayev filed her Complaint in New York State Supreme Court, Queens County, on January 13, 2011, removed by the Hotel to this Court on February 7, 2011. The Complaint alleges fifteen counts against the Hotel and Hotel affiliated defendants, but only two against the Union – the Twelfth for breach of contract and the Fifteenth for attorneys' fees. Specifically, the Complaint alleges:

> "36. The Union failed to obtain Hotel's intra-phone call records which would have confirmed the call Irina placed to Housekeeping Ninette from the night table regarding this cell phone and even Ninette could have been found to be Irina's witness . . . There should also be a record that the phone on the desk needed to be serviced several days prior to the incident giving more credibility why Irina took the phone to the night table to call downstairs and identify the cell phone."

The Complaint also states that: "The Hearing Officer did not have a chance to receive testimony from Irina as to the set up of the room and he only relied on the Hotel's false evidence that Irina is seen taking the cell phone to the bathroom" (Complaint ¶34 at Saltzman Ex. 1).

Based on the above, the Complaint concludes: "Defendants, NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO (Union) breached the contract between themselves and the Plaintiff in order to protect her rights as a Union Employee" (Complaint ¶71 at Saltzman Ex. 1) and that "Defendants . . . NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO ("Union") have acted so egregious that attorneys' fees and costs should be awarded to the Plaintiff" (Complaint ¶80 at Saltzman Ex. 1). The Union timely answered on February 14, 2011, denying the allegations against it and raising various affirmative defenses, including arbitration and award, and failure to state a claim (Answer, Saltzman Ex. 2).

**LEGAL STANDARD**

Under FRCP Rule 12(c), a court must determine whether "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Serv. Inc. v. Int'l Union. United Plant Guard Workers of Am.*, 47 F.3d 14, 16 (2d Cir. 1994). The standard for deciding a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Ziemba v. Wezner et al.*, 366 F.3d 161, 163 (2d Cir. 2004); *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

A court should grant a Rule 12(c) or 12(b)(6) motion if it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint's pleading that would entitle her to relief. *Weixel et al. v. Board of Education et al.*, 287 F.3d 138, 145 (2d Cir. 2002) (citations omitted). Courts must take as true the allegations contained in plaintiff's complaint and draw all reasonable inferences in favor of plaintiff. *Weinstein v. Albright*, 261 F.3d 127, 131 (2d Cir. 2001); *D'Allesio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 99 (2d Cir. 2001). However, factual allegations must be strong enough to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). Conclusory statements do not suffice. *See, e.g.* *Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir. 2006); *Hagie v. General Motors Corp.,* 1999 WL 222607 * 2 (W.D.N.Y. 1999). The Court should apply a

"flexible plausibility standard which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Dennis v. Local 804, IBT*, 2009 WL 1473484 * 2 (S.D.N.Y. 2009).

In deciding a Rule 12(c) motion, the Court considers all documents attached to or referenced in the complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of or relied on in bringing the suit. *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991); *Chaney v. Greyhound Lines, Inc.*, 2010 WL 2541369 * 2 (S.D.N.Y. 2010); *Hughes v. Lillian Goldman Family, L.L.C.*, 153 F.Supp.2d 435, 439 (S.D.N.Y. 2001); Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 10(c). Thus, in this case, the Court may consider in addition to all pleadings, the Award, the Rainer Letter, the Grievance Board Report and the NLRB decisions, all attached as Exhibits to the Saltzman Cert., all of which are undisputed and referenced by or known to Plaintiff. Alternatively, judgment on the pleadings should be granted simply on the Complaint itself as set forth below.

## ARGUMENT

## THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO MEET THE HEAVY BURDEN OF ALLEGING FACTS SUFFICIENT TO ESTABLISH A BREACH OF THE UNION'S DUTY OF FAIR REPRESENTATION

Plaintiff alleges that the Union breached its duty to protect her rights as a union employee by failing to obtain certain phone records and not calling a manager as witness (Complaint ¶36). As plead, such conduct by the Union is not a violation of its duty of fair

representation to Mordukhayev as a matter of law. Accordingly, since the Complaint does not state a claim, it should be dismissed.[2]

Plaintiff's duty to plead conduct to support an unfair representation claim imposes an "enormous burden." *Dennis v. Local 804, IBT,* 2009 WL 1473474 at *5; *Nicholls v. Brookdale Univ. Hosp. and Med. Ctr.*, 2005 WL 1661093 * 7 (E.D.N.Y. 2005) *aff'd*, 204 F.App'x. 40 (2d Cir. 2006). As explained by the United States Court of Appeals for the Second Circuit:

> "[i]n hindsight, any decision a union makes . . . may appear to the losing employee to be erroneous . . . Tactical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach. Proof of mere negligence or errors of judgment are insufficient . . . As long as the union acts in good faith, the courts cannot intercede on behalf of employees who may be prejudiced by rationally founded decisions which operate to their particular disadvantage." *Barr v. United Parcel Service, Inc.*, 868 F.2d 36, 43-44 (2d Cir. 1989).

Applying this standard, the Court of Appeals reversed judgment for an employee who claimed the union acted arbitrarily and in bad faith by refusing to present witnesses at grievance meetings and to prepare adequately for arbitration.

To establish a breach of the duty of fair representation, a plaintiff must set forth how the Union's conduct was arbitrary, discriminatory, or in bad faith; *Sim v. New York Mailers' Union*, 166 F.3d 465, 472 (2d Cir. 1999); *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 16 (2d Cir. 1993); *Hussein v. Sheraton N.Y. Hotel*, 100 F.Supp.2d 203, 208 (S.D.N.Y. 2000). However, a union's duty of fair representation permits a broad range of discretion in carrying out its role as

---

[2] The contract duty allegedly breached (Complaint ¶71) clearly arises from the parties' collective bargaining agreement and falls squarely within Section 301 of the LMRA. The statutory duty of fair representation comes within the jurisdiction of the NLRB, which has found in the Union's favor and dismissed Plaintiff's charges. See Answer, Ex. E.

representative, and judicial review of union actions must be 'highly deferential.' *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998). Actions by a union "are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal citations omitted). To be discriminatory, a union's actions must be "invidious" or "unlawful." *Nicholls v. Brookdale Univ. Hosp. and Med. Ctr.*, 2005 WL 1661093 at * 7 (citing *O'Neill*, 499 U.S. at 81). Finally, to make out a claim that the union acted in bad faith, a plaintiff must allege "fraud, deceitful action or dishonest conduct." *Id.* (quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 299 (1971)).

In applying the above standards, Courts have consistently held that "[a] union's mere negligence or error in the grievance or arbitration process is insufficient to constitute a breach of the union's duty of fair representation." *See, e.g., United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372-73 (1990) (finding mere negligence does not state a claim for unfair representation); *Barr*, *supra* 868 F.2d at 43 (finding tactical errors in failing to present witnesses and inadequate representation by union agent were insufficient to demonstrate bad faith or arbitrariness); *Cook v. Pan Am. World Airways, Inc.*, 771 F.2d 635, 645 (2d Cir. 1985) (finding failure to prevail before arbitrator does not establish breach of duty of fair representation); *Nieves v. District Council 37, AFSCME, AFL-CIO*, 2009 WL 4281454 * 10-12 (S.D.N.Y. 2009) (holding failure to obtain documents, call witnesses, or appeal arbitrator's decision does not violate union duty); *Artega v. Bevona*, 21 F.Supp.2d 198, 207 (E.D.N.Y. 1998) (union counsel advice to plaintiff that it was not necessary to call certain witnesses does not breach the union's duty of fair representation).

Faced with bare pleadings alleging a union failure to present evidence or call witnesses, the courts have not hesitated to dismiss such complaints on motions under either FRCP 12(b)(6) or 12(c). *See, e.g., Chaney v. Greyhound Line, Inc.*, *supra* (motion to dismiss granted where plaintiff alleged her side of the dispute was not presented); *Dennis v. Local 804, IBT*, *supra* (motion for judgment on pleadings granted where plaintiff claimed union attorney refused to present available evidence or call certain witnesses); *Nicholls v. Brookdale Univ. Hosp. and Med. Ctr.*, *supra* (motion to dismiss granted, allegations union failed to prepare case or call witnesses "do not constitute breach of the duty of fair representation"). As summarized by Judge Baer in granting judgment on the pleadings on a strikingly similar claim: "the cases are clear that a union attorney's failure to present evidence or witnesses or to prevail at the arbitration are insufficient to form the basis of an unfair representation claim." *Dennis v. Local 804, IBT*, *supra* at * 5.

This case falls squarely within the precedent and example of *Barr*, *supra*; *Chaney*, *supra*; *Dennis*, *supra*; and *Nicholls*, *supra*. As in those cases, Plaintiff here alleges that the Union violated its duty of fair representation by not obtaining and submitting certain records and testimony at arbitration. Such decisions by the Union are classic tactical choices committed to the Union's discretion, or at most negligence, and in any event fail to support an action for breach of a union's duty of fair representation.

First, the Union's defense was not "so far outside a wide range of reasonableness as to be irrational." *See Air Line Pilots Assn. Int. v. O'Neill, supra.* Calling a manager as witness, as Plaintiff's counsel now suggests, raises substantial risks of validating a witness who will support the Hotel's case; phone records would not indicate what was said, nor explain why Mordukhayev moved the cell phone at all, and might prod the Hotel to call further adverse

management witnesses. Moreover, Plaintiff's testimony regarding "the set up of the room," or reading the Complaint broadly, as to any other matter, would be subject to cross examination which, if she lacked credibility, would wholly undermine her case.[3] Rather than raise these risks, the defense rationally focused with some success on the weakness of the Hotel's case.

Second, the Complaint contains no hint of invidious or bad faith behavior by the Union. On the contrary, the Plaintiff establishes that the Union immediately came to Mordukhayev's defense, took her case to arbitration despite serious weaknesses, obtained video and documentary evidence, and challenged her discharge over two days of hearings. Such undisputed facts from the pleadings validate both the Union's fulfillment of its duty to represent Plaintiff and judgment for the Union now.

Finally, going beyond even the cited cases where allegations of inadequate defense against the union were dismissed, here Plaintiff had with her during the arbitration her own attorney, Violet Samuels. According to Plaintiff's current counsel, Samuels actively advised Mordukhayev not to testify and as to her own defense generally. The Union can not be liable after the fact for a two-day defense at the time deemed reasonable and fair by Plaintiff herself as advised by her then attorney. Since the Complaint, even if indulged as true, establishes only garden variety tactical choices which proved unsuccessful, no cause of action exists against the Union. Consequently, the Union's motion should be granted.

---

[3] The Grievance Board Report transcript of Mordukhayev's explanation why she called her superior vividly illustrates the fatal risks avoided by the tactical decision not to have Mordukhayev herself testify, and is offered here for that purpose. The Grievance Board Report indicates that Mordukhayev explained to the Union that she had found a cell phone in the guest room and had called her manager to find out if the guest had checked out. (Answer, Ex. B, pp. 1-2 at Saltzman Ex. 2) Member Lyons questioned Mordukhayev: "When you called downstairs did you tell them that you found the phone or did you just ask if the guest was at the hotel?" Mordukhayev replied: "I simply asked if the guest had left, yes or no." (Id.)

**CONCLUSION**

For the reasons and upon the authority set forth above and in the pleadings included in the Saltzman Cert., Plaintiff wholly fails to allege facts sufficient to carry her "enormous burden" of sustaining an action against the Union. Accordingly, the Union's motion for judgment on the pleadings should be granted, together with whatever further relief this Court deems fair and appropriate.

Dated: New York, New York
March 18, 2011

Respectfully submitted,

PITTA & GIBLIN, LLP
*Attorneys for Defendant, New York Hotel and Motel Trades Council, AFL-CIO*

By: ______________________
Barry N. Saltzman
Vincent F. Pitta
120 Broadway, 28th Floor
New York, NY 10271
Tel: 212.652.3890
Fax: 212.652.3891