PITTA & GIBLIN LLP
120 Broadway, 28th Floor
New York, NY 10271
212.652.3890
*Attorneys for Defendant*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman
Vincent F. Pitta

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IRINA MORDUKHAYEV,

                Plaintiff,

          – against –

HILTON TIMES SQUARE, SUNSTONE HOTEL
PROPERTIES INVESTORS, INC., HILTON
HOTELS CORPORATION, FC42 HOTEL LLC,
SUNSTONE 42ND STREET LLC, SUNSTONE 42ND
STREET LESSEE, INC., SUNSTONE HOTEL
PROPERTIES, INC. D/B/A HILTON TIMES
SQUARE, SUNSTONE HOTEL OP, SECURE
WATCH24 D/B/A SW24, SLAVKA KMEE,
FOSTER BURNETT, ROCCO CASTELLANO, AND
NEW YORK HOTEL AND MOTEL TRADES
COUNCIL, AFL-CIO (Union),

                Defendants.

Case No. CV-11-615 (ENV)(CLP)

(Served 5/16/11)

---

**REPLY MEMORANDUM OF LAW OF DEFENDANT
NEW YORK HOTEL AND MOTEL TRADES COUNCIL,
AFL-CIO (UNION) IN SUPPORT OF ITS MOTION FOR
<u>JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)</u>**

{00523679.DOCX / 2}

## REPLY MEMORANDUM OF LAW OF DEFENDANT
## NEW YORK HOTEL AND MOTEL TRADES COUNCIL,
## AFL-CIO (UNION) IN SUPPORT OF ITS MOTION FOR
## JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(c)

Defendant NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO

("Union"), by its undersigned counsel, submits this Reply Memorandum of Law in support of its

motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure ("FRCP") against the Verified Complaint dated January 13, 2011 (the "Complaint")

of Plaintiff Irina Mordukhayev ("Plaintiff" or "Mordukhayev").   Judgment should be entered

dismissing the Complaint because, as argued in the Union's motion papers and as unrebutted in

Plaintiff's opposition papers, the pleadings themselves prove that Plaintiff has not carried her

"enormous burden" under Section 301 of the Labor Management Relations Act, 29 USC 185, of

pleading any issue of law supporting a claim against the Union.

## FACTS[1]

On or about December 20, 2009, the Hilton Times Square ("Hotel") discharged

Mordukhayev for alleged theft of a cell phone from an empty guest room. (Complaint ¶28).  The

Union immediately challenged the discharge and brought Mordukhayev's case to arbitration at

two hearings before the Office of the Impartial Chairman ("OIC"), the industry arbitrator, on

May 5 and July 6, 2010 (Complaint ¶¶33, 34; Answer ¶¶34, 82, Ex. C, Award, Ex. D, Rainer

Letter; Saltzman Exs. 1, 2).   Mordukhayev was accompanied and advised by her personal

attorney, Violet Samuels (Answer, Ex. C, the Award p. 1, note 1, Ex. D, Rainer Letter, pp. 2, 8 at

Saltzman Ex. 2), while her case was presented to the arbitrator by a Union appointed attorney.

---

[1]  The facts are more fully set forth in the Union's motion papers to which, in the interest of brevity, the Court is
respectfully referred.  Citations are to the pleadings as attached as Ex. 1 ("Complaint") and Ex. 2 ("Answer") to the
Certification of Barry N. Saltzman ("Saltzman Ex. ___") previously submitted for the Court's convenience.
Exhibits to the Answer consist of the "Grievance Board Report" concerning Plaintiff's grievance (Ex. B to the
Answer), the arbitration award sustaining Plaintiff's discharge (the "Award", Ex. C to the Answer), a letter from
Plaintiff's counsel to the Union ("Rainer Letter", Ex. D to the Answer), and rulings of the US National Labor
Relations Board ("NLRB"), Ex. E to the Answer.

1

{00523679.DOCX / 2}

Samuels advised Mordukhayev not to testify at hearing but to rely on the circumstantial nature and procedural defects of the Hotel's case, and Mordukhayev did not testify (Complaint ¶34; Answer, Ex. D, Rainer Letter p. 2 at Saltzman Ex. 1, 2). Instead, the Union challenged the sufficiency of the Hotel's case (Answer, Ex. C, Award at Saltzman Ex. 2). Following the close of hearings, the arbitrator issued his Award on July 27, 2010. (Complaint ¶34; Answer, Ex. C at Saltzman Ex. 1, 2). The Award indicates that the arbitrator was indeed troubled by the defects in the Hotel's case elicited by the Union's defense, but nevertheless found the Hotel's proof sufficient to sustain the discharge (Complaint ¶34; Answer, Ex. C, Award p. 3). The arbitrator concluded:

> "Despite the incompetent handling of the covert operation, that fact did not break the rings of circumstantial evidence. The Hotel proved that it installed a GPS – cell phone in the room to which Grievant was assigned to service, that Grievant removed the property from the desk; that she neither returned it to its former location nor turned in the phone to Housekeeping for safekeeping; that a GPS signal commenced right after she exited the Hotel; and, tracking of the phone continued to the very area where she resided. That proof is sufficient. Accordingly, but with the noted criticisms of the Hotel, the Chairperson finds that the Hotel had just cause to discharge Irina Mordukhayev." (Id.)

Mordukhayev filed unfair labor practice charges with the U.S. National Labor Relations Board (the "NLRB") against a local union affiliated with the Union in representing Mordukhayev at the Hotel, on or about October 20, 2010. Mordukhayev alleged that the Union had failed to adequately represent her at arbitration "in violation of the Union's duty of fair representation." (Answer, Ex. E at Saltzman Ex. 2). The NLRB dismissed the charges over Mordukhayev's appeal, by letter dated January 14, 2011, finding that the Union had acted properly. (Id.)

{00523679.DOCX / 2}

Mordukhayev filed her Complaint in New York State Supreme Court, Queens County, on January 13, 2011, removed by the Hotel to this Court on February 7, 2011. The Union moved for judgment on the pleadings on March 18, 2011 by Notice of Motion, Certification of Barry N. Saltzman and Memorandum of Law ("Union Motion Papers"). Following several extensions, Plaintiff served her Opposition to Defendants' Motion to Dismiss, Memorandum of Law ("Plaintiff's Opposition Papers") on May 9, 2011, pp. 21 and 24-25 of which alone address the Union.

## ARGUMENT

### PLAINTIFF'S REPLY PAPERS DO NOT CURE THE COMPLAINT'S FAILURE TO ALLEGE FACTS SUFFICIENT TO MEET PLAINTIFF'S HEAVY BURDEN OF STATING A BREACH OF THE UNION'S DUTY OF FAIR REPRESENTATION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Conclusory statements do not suffice. *See, e.g. Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir. 2006); *Hagie v. General Motors Corp.,* 1999 WL 222607 * 2 (W.D.N.Y. 1999). In its Motion Papers, the Union showed that the limited factual information, as opposed to conclusions, alleged in the Complaint against the Union, failed as a matter of law to create any plausible claim that the Union breached its duty of fair representation to Mordukhayev. Rather, even accepted as true, the facts alleged by Plaintiff simply show that the Union made good faith tactical decisions which ultimately could not save Mordukhayev. Nothing in Plaintiff's Opposition (pp. 21, 24-25) alters this fact. Accordingly, the Complaint should be dismissed.

First, Plaintiff contends in its Opposition Papers that the Union advised her not to testify "and not her personal attorney," who nevertheless concededly attended the arbitration

3

{00523679.DOCX / 2}

hearings and had access to Mordukhayev.  Plaintiff's current contention does not mesh with Plaintiff's letter to the Union asking the Union to petition the arbitrator for reconsideration (Rainer Letter, Ex. D to the Saltzman Cert., pp. 2, 8).  In that letter dated September 3, 2010, Plaintiff's current counsel wrote that the arbitrator "was incorrect based on evidence not presented at the hearing <u>as Irina's former attorney, Violet Samuels, Esq. informed her that it was not necessary for her to testify</u> . . ." (p. 2) and that "she was improperly advised by her <u>counsels</u>" (p. 8) (emphasis added).  Moreover, Plaintiff's point makes no difference as a matter of law.  It is not disputed that the Union presented Mordukhayev's defense, that Mordukhayev's then private attorney was present at all times with her, and that Mordukhayev chose not to testify.  The Union cannot now be liable as irrational or in bad faith for a tactical decision in which Plaintiff and Plaintiff's then counsel both joined during two days of arbitration hearings attacking the Hotel's case.

Second, Plaintiff argues that this Court has "discretion to override" the legal standard applied by the U.S. National Labor Relations Board ("NLRB") in dismissing Mordukhayev's unfair labor practices.  To the contrary, the U.S. Court of Appeals for the Second Circuit and its district courts have dismissed numerous duty of fair representation cases just like Plaintiff's using the very same standard as the NLRB.  *See, e.g., Barr v. United Parcel Service, Inc.,* 868 F.3d 36 (2d Cir. 1989) (judgment against plaintiff who alleged union acted arbitrarily and in bad faith by refusing to present witnesses or prepare adequately); *Chaney v. Greyhound Line, Inc.,* 2010 WL 2541369 (S.D.N.Y. 2010) (motion to dismiss granted where plaintiff alleged her side of the dispute was not presented); *Dennis v. Local 804, IBT,* 2009 WL 1473474 (S.D.N.Y. 2009) (motion for judgment on pleadings granted where plaintiff claimed union attorney refused to present available evidence or call certain witnesses); *Nicholls v. Brookdale*

4

*Univ. Hosp. and Med. Ctr.*, 2005 WL 1661093 (E.D.N.Y. 2005) *aff'd*, 204 F. Appx. 40 (2d Cir. 2006) (motion to dismiss granted, allegations union failed to prepare case or call witnesses "do not constitute breach of the duty of fair representation").   Whatever Plaintiff may erroneously wish, under uniform precedent "the cases are clear that a union attorney's failure to present evidence or witnesses or to prevail at the arbitration are insufficient to form the basis of an unfair representation claim." *Dennis v. Local 804, IBT, supra* at * 5.   Accordingly, Plaintiff's second argument in Opposition to the Union's Motion for Judgment fails as a matter of law.

Third, conceding "[e]ven if such precedents exist to release the Union," Plaintiff contends the "Union acted in bad faith and arbitrarily" and "was irrational and unreasonable. . ." by "not gathering all necessary evidence and eliciting testimony." Plaintiff's Opposition p. 24. Of course, Plaintiff's arguments are mere conclusions insufficient to sustain a claim under the cases cited.[2]   Indeed, under such consistent precedent, the Union's decision (concededly made with Plaintiff and her then counsel) to argue the weakness of the Hotel's circumstantial case rather than expose Mordukhayev to cross examination and afford the Hotel an opportunity to strengthen its case on rebuttal, are clear rational tactical decisions committed to the Union's judgment. *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998) (union's duty of fair representation permits a broad range of discretion in carrying out its role as representative, and judicial review of union actions must be 'highly deferential'). *See also, Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (actions by a union "are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational").   Whatever the result, and whether or not correct or effective in hindsight, such a judgment call is not, as a matter of law, "so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n Int'l v. O'Neill,*

---

[2] See also, Plaintiff's Opposition p. 21.

{00523679.DOCX / 2}

*supra.* No breach of union duty arises under these circumstances, where the Union tried, came close, but ultimately could not save Mordukhayev.

## CONCLUSION

For the reasons and upon the authority set forth above and in the Union's pleadings and Motion Papers, Plaintiff wholly fails to allege facts sufficient to carry her "enormous burden" of sustaining an action against the Union. Accordingly, the Union's motion for judgment on the pleadings should be granted, together with whatever further relief this Court deems fair and appropriate.

Dated:    New York, New York
          May 16, 2011

Respectfully submitted,

PITTA & GIBLIN, LLP
*Attorneys for Defendant, New York Hotel*
*and Motel Trades Council, AFL-CIO*

By: _____
       Barry N. Saltzman
       Vincent F. Pitta
       120 Broadway, 28th Floor
       New York, NY 10271
       Tel:  212.652.3890
       Fax:  212.652.3891

6

{00523679.DOCX / 2}