UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
IRINA MORDUKHAYEV, :
: No. 1:11-cv-00615-ENV-CLP
Plaintiff, :
:
 - against - :
:
HILTON TIMES SQUARE, SUNSTONE HOTEL :
PROPERTIES INVESTORS, INC., HILTON :
HOTELS CORPORATION, FC42 HOTEL LLC, :
SUNSTONE 42ND STREET LLC, SUNSTONE :
42ND STREET LESSEE, INC., SUNSTONE :
HOTEL PROPERTIES, INC. d/b/a HILTON :
TIMES SQUARE, SUNSTONE HOTEL OP, :
SECURE WATCH24 d/b/a SW24, SLAVKA :
KMEE, FOSTER BURNETT, ROCCO :
CASTELLANO, and NEW YORK HOTEL AND :
MOTEL TRADES COUNCIL, AFL-CIO (Union), :
:
Defendants. :
----------------------------------------------------------------x


## SUNSTONE DEFENDANTS' MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS

        Robert S. Whitman
        SEYFARTH SHAW LLP
        620 Eighth Avenue
        New York, New York 10018-1405
        (212) 218-5500

        Attorneys for Defendants Sunstone Hotel Properties
        Investors, Inc., Sunstone 42nd Street LLC, Sunstone 42nd
        Street Lessee, Inc., Sunstone Hotel Properties, Inc. d/b/a/
        Hilton Times Square, Sunstone Hotel OP, Slavka Kmec
        (incorrectly named as Slavka Kmee), and Foster Burnett

Served: May 16, 2011

13393618v.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

I.     PLAINTIFF'S HARASSMENT CLAIM STILL FAILS UNDER THE "SEVERE OR PERVASIVE" STANDARD ................................................................................ 1

II.    THERE IS NO PRIVATE RIGHT OF ACTION FOR VIOLATION OF SEARCH AND SEIZURE ................................................................................................ 2

III.   PLAINTIFF CANNOT SUBSTITUTE A NEW CAUSE OF ACTION FOR HER CLAIM OF WRONGFUL TERMINATION/PRIMA FACIE TORT ............................... 3

IV.   PLAINTIFF DOES NOT ADDRESS THE SUNSTONE DEFENDANTS' ARGUMENTS AS TO WHY HER OTHER CLAIMS ARE DEFICIENT AS A MATTER OF LAW ............................................................................................................ 4

     A.    Plaintiff Does Not Dispute That She Failed to Allege the Necessary Elements of a False Imprisonment Claim ..................................................... 4

     B.    Plaintiff Does Not Deny That Her Claims for Intentional Infliction of Emotional Distress are Time-Barred ..................................................... 4

     C.    Plaintiff Failed to Address that Her Breach of Contract Claims are Preempted by Federal Law ....................................................................... 5

     D.    Plaintiff's Religious Discrimination Claim Must Be Dismissed for Failure to Exhaust Administrative Remedies ......................................... 5

V.     PLAINTIFF'S OTHER CLAIMS STILL FAIL TO STATE A PLAUSIBLE CLAIM FOR RELIEF .............................................................................................. 6

     A.    Disability and Age Discrimination ................................................................. 6

     B.    Plaintiff Fails To Allege Sufficient Facts for Her Remaining Claims .......... 6

     C.    Punitive Damages And Attorneys' Fees Are Not Causes Of Action .......... 7

CONCLUSION ......................................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................5, 6

*Engler v. Cendant Corp.*,
   434 F. Supp. 2d 119 (E.D.N.Y. 2006) ........................................................................4

*George v. N.Y. City Dep't of City Planning*,
   436 F.3d 102 (2d Cir. 2006) .......................................................................................3

*Hering v. Lighthouse 2001, LLC*,
   21 A.D.3d 449 (2d Dep't 2005) ..................................................................................3

*IIT Int'l Inv. Trust v. Cornfeld*,
   619 F.2d 909 (2d Cir. 1980) .......................................................................................3

*Kopec v. Coughlin,*
   922 F.2d 152 (2d Cir. 1991) .......................................................................................3

*Lobosco v. N.Y. Tel. Company/NYNEX*,
   96 N.Y.2d 312, 727 N.Y.S.2d 383 (2001) .................................................................3

*Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) ....................4

*Pellier v. British Airways, Plc.*,
   2006 U.S. Dist. LEXIS 3219 (E.D.N.Y. Jan. 17, 2006) .............................................2

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*,
   507 F.3d 117 (2d Cir. 2007) .......................................................................................6

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998) .......................................................................................3

**STATUTES**

N.Y. Gen. Bus. Law § 395-b ................................................................................................2

§ 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) .............................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1

Defendants Sunstone Hotel Properties Investors, Inc., Sunstone 42nd Street LLC, Sunstone 42nd Street Lessee, Inc., Sunstone Hotel Properties, Inc. d/b/a/ Hilton Times Square, Sunstone Hotel OP, Slavka Kmec (incorrectly named as Slavka "Kmee"), and Foster Burnett (collectively the "Sunstone Defendants") respectfully submit this Memorandum of Law in further support of their motion to dismiss the claims asserted by Irina Mordukhayev ("Plaintiff" or "Mordukhayev") in her complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff's opposition brief ("Pl. Opp.") does nothing to rehabilitate the 15 causes of action that are addressed by the Sunstone Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defs. Mem."). In a thin attempt to salvage each of the claims in her Complaint, Plaintiff either misstates the law, ignores the Sunstone Defendants' arguments as to why her claims are deficient, or merely restates her claims without even endeavoring to explain why she did not include any facts to support them in the Complaint. Instead, Plaintiff offers a lengthy recitation of alleged facts that in large part strays well beyond the face of her Complaint and is not tied in any discernible manner to the causes of action she seeks to assert.

At bottom, none of her arguments withstands scrutiny or offers this Court any plausible rationale to permit her claims to go forward. Accordingly, this Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## ARGUMENT

### I.  PLAINTIFF'S HARASSMENT CLAIM FAILS UNDER THE "SEVERE OR PERVASIVE" STANDARD

Plaintiff has failed to persuasively argue how any of the allegations in the Complaint could be considered sufficiently severe or pervasive so as to alter the conditions of her employment in order to state a claim for harassment. In fact, Plaintiff actually *admits* that any

13393618v.1

alleged behavior by the Sunstone Defendants was not pervasive, and instead, hinges her argument on the fact that "the number of times that Irina was harassed is not significant given that the harassment was severe."  (Pl. Opp. at 17)  However, Plaintiff's allegations that she was watched while clocking in, was unable to celebrate three religious holidays, and that the Hotel conducted an investigation regarding theft after receiving guest complaints concerning rooms serviced by Plaintiff, even accepted as true, cannot be deemed severe enough to state a claim for harassment as a matter of law.  (Defs. Mem. at 4-5)

Plaintiff also argues that installing a surveillance camera was severe given that it violates N.Y. General Business Law § 395-b.  (Pl. Opp. at 17)  Even if this statute did apply here,[1] this does not mean that Plaintiff has met the high threshold that her workplace was permeated with discriminatory intimidation, ridicule, and insult that was so "severe or pervasive" that it altered the conditions of her employment.

## II. THERE IS NO PRIVATE RIGHT OF ACTION FOR VIOLATION OF SEARCH AND SEIZURE

Plaintiff's argument that a Court can create a private right of action for violation of search and seizure (Pl. Opp. at 19) misstates the law.  As argued in the Motion to Dismiss, courts have consistently held that New York General Business Law § 395-b, the basis for this claim, does not create a private right of action.  (Defs. Mem. at 6)  *See also Pellier v. British Airways, PLC.*, 2006 U.S. Dist. LEXIS 3219 (E.D.N.Y. Jan. 17, 2006) ("As a preliminary matter, § 395-b does not create a private right of action for violation of its provisions, and, thus, Pellier's claim

---

[1] It does not.  By its plain terms, the statute applies to surveillance of private areas such as fitting rooms and restrooms.  This case involves surveillance of Plaintiff in her workplace, where she had no reasonable expectation of privacy within the protection of section 395-b.  No one was conducting surveillance of guests in their hotel rooms, and the room in which Plaintiff was observed was not being used at that time as a private living or changing area.

2

for damages predicated thereupon must be dismissed."); *Hering v. Lighthouse 2001, LLC*, 21 A.D.3d 449 (2d Dep't 2005) ("General Business Law § 395-b does not create an independent cause of action for persons harmed by a violation of its provisions"); *see generally George v. N.Y. City Dep't of City Planning*, 436 F.3d 102 (2d Cir. 2006) (district court's decision to dismiss claim on the pleadings was affirmed because the at issue statute did not create a private right of action).

### III. PLAINTIFF CANNOT SUBSTITUTE A NEW CAUSE OF ACTION FOR HER CLAIM OF WRONGFUL TERMINATION/PRIMA FACIE TORT

In her Complaint, Plaintiff's Fifth Cause of Action is for "wrongful termination/prima facie tort" (Compl. ¶ 50). As the Sunstone Defendants argued, this cause of action must be dismissed with prejudice because New York law does not recognize a cause of action for wrongful termination of employment. *See Lobosco v. N.Y. Tel. Company/NYNEX*, 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 385 (2001).

In her Opposition, Plaintiff attempts to substitute this cause of action, claiming that "[t]he tort committed is that of retaliation" (Pl. Opp. at 20). This is not acceptable. First, Plaintiff explicitly titled her Cause of Action "wrongful termination/prima facie tort" in the Complaint; nowhere is the word "retaliation" mentioned. To the extent Plaintiff is attempting to go beyond the specific allegations of the Complaint and bolster her deficient pleading in her Opposition brief, her effort must be rejected. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("[A] party is not entitled to amend its complaint through statements made in motion papers.") (citing *IIT Int'l Inv. Trust v. Cornfeld*, 619 F.2d 909, 914 (2d Cir. 1980)); *Kopec v. Coughlin,* 922 F.2d 152, 152-55 (2d Cir. 1991) (in deciding a motion to dismiss, court must limit analysis to four corners of complaint); *Engler v. Cendant Corp.*, 434 F. Supp. 2d 119, 127

3

(E.D.N.Y. 2006) (in ruling on motion to dismiss, court "cannot consider . . . admissions or statements in the parties' memorand[a] of law as factual allegations").

Second, the "tort" Plaintiff appears to be describing (Pl. Opp. at 20-21) is not a tort at all, but a statutory cause of action under employment statutes. Thus, the claim is barred for the same reasons as Plaintiff's other putative claims under city, state, and federal discrimination laws. To the extent that the "tort" arises under New York common law and is based on her termination of employment, then it is barred for the same reasons argued above: New York law simply does not recognize a cause of action for wrongful termination of employment, regardless of whether the basis for the termination was "retaliation" or some other motive. *See Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 300, 461 N.Y.S.2d 232 (1983) (declining to recognize tort of "abusive or wrongful discharge" and noting that at-will employment may be "freely terminated by either party at any time for any reason or even for no reason").

## IV. PLAINTIFF DOES NOT ADDRESS THE SUNSTONE DEFENDANTS' ARGUMENTS AS TO WHY HER OTHER CLAIMS ARE DEFICIENT AS A MATTER OF LAW

### A. Plaintiff Does Not Dispute That She Failed to Allege the Necessary Elements of a False Imprisonment Claim

Plaintiff conclusorily restates the elements of a false imprisonment claim (Pl. Opp. at 18-19), without even addressing, let alone disputing, that she failed to state a claim because she was not physically detained. (*See* Defs. Mem. at 5)  Plaintiff also completely ignores the caselaw holding that any alleged fear that she would be arrested or fired does not constitute detaining force necessary to establish this tort. (*See id.*)

### B. Plaintiff Does Not Dispute That Her Claims for Intentional Infliction of Emotional Distress are Time-Barred

Plaintiff's Fifth and Eleventh Causes of Action, for Intentional Infliction of Emotional Distress, must be dismissed. Plaintiff does not even address the arguments the Sunstone

Defendants advanced: that she brought her claim outside of the one-year statute of limitations (Defs. Mem. at 6), and that her allegations, even accepted as true, do not rise to the level of severity to state a viable claim (*id.* at 6-7). Instead, Plaintiff discusses an altogether different, and irrelevant, point: the permissibility of awards of emotional distress *damages* in discrimination cases. (Pl. Opp. at 19-20)

### C. Plaintiff Failed to Address that Her Breach of Contract Claims are Preempted by Federal Law

Plaintiff's discussion of her breach of contract claim (Pl. Opp. at 21) does not even mention the Sunstone Defendants' contention in their Motion to Dismiss that Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), because they involve the interpretation of a collective bargaining agreement. (Defs. Mem. at 7-8) Accordingly, her claim must be dismissed.

### D. Plaintiff's Religious Discrimination Claim Must Be Dismissed for Failure to Exhaust Administrative Remedies

Plaintiff did not address the fact that her prior election of remedies precludes her from stating a claim for religious discrimination under city or state law. She also declined to address her failure to exhaust administrative remedies in order to state a claim for religious discrimination under federal law. (Pl. Opp. at 21-22) As set forth in the Sunstone Defendants' opening memorandum (Defs. Mem. at 8), her claims of religious discrimination under federal, state, and city law are duplicative of the charge of discrimination that Plaintiff filed on November 15, 2010 with the New York State Division of Human Rights (Case No. 10145202s) and concurrently with the Equal Employment Opportunity Commission (Charge No. 16GB100691). Because those charges are still pending, Plaintiff is precluded from seeking relief in court.

## V.     PLAINTIFF'S OTHER CLAIMS STILL FAIL TO STATE A PLAUSIBLE CLAIM FOR RELIEF

A motion to dismiss should be granted if a complaint does not state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007).  Under this standard, a pleading is sufficient only if it "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests" and "allege[s] facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007).

### A.     Disability and Age Discrimination

Although Plaintiff's Tenth Cause of Action alleges that she was discriminated against based on her religion, her Complaint invokes both the Americans with Disabilities Act and the Age Discrimination in Employment Act (Compl. ¶ 65).  Plaintiff misstates the law, arguing that the employer had reasonable accommodations available to them.  (Pl. Opp. at 22-23)  As stated in the Motion to Dismiss, these statutes protect individuals from discrimination based on disability and age, not religion, and therefore have nothing to do with the allegations in her Complaint.  (Defs. Mem. at 9-10)

### B.     Plaintiff Fails To Allege Sufficient Facts for Her Remaining Claims

Plaintiff has not attempted to cure the factual deficiencies in her Complaint (nor can she) for the following causes of action: defamation of character, slander, libel, disparagement in trade, breach of contract, and lost wages and unpaid wages.  Instead, Plaintiff merely restates the elements of each of these causes of action – albeit without citing a single case.  Accordingly, Plaintiff fails to meet the minimal prerequisite under *Twombly* and must be dismissed.

### C. Punitive Damages And Attorneys' Fees Are Not Causes Of Action

Plaintiff does not dispute that her "claims" seeking punitive damages in her Fourteenth Cause of Action (Compl. ¶ 77) and attorneys' fees in her Fifteenth Cause of Action (*id*. ¶ 80) are remedies, not causes of action. However, it appears that Plaintiff is attempting to add a claim for "back-pay" in her Opposition. (Pl. Opp. at 23-24) Like punitive damages and attorneys' fees, backpay is a remedy, and not a cause of action. Accordingly, these claims must be dismissed.

### CONCLUSION

For the foregoing reasons, and for the reasons argued in their opening memorandum, the Sunstone Defendants respectfully request that this Court dismiss the Complaint with prejudice in its entirety and grant such other relief as may be just and proper.

Dated:  New York, New York
        May 16, 2011

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ *Robert S. Whitman*
     Robert S. Whitman

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
rwhitman@seyfarth.com

*Attorneys for the Sunstone Defendants*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2011, I caused the foregoing Sunstone Defendants' Memorandum Of Law In Further Support Of Motion To Dismiss to be served by first-class mail upon the following counsel of record:

> Flora Rainer
> Law Office of Flora Rainer, Esq.
> 7234 73rd Street
> Glendale, New York 11385
> *Attorneys for Plaintiff*
>
> Barry N. Saltzman
> Pitta & Giblin LLP
> 120 Broadway, 28th Floor
> New York, New York 10271
> *Attorneys for New York Hotel and Motel Trades Council AFL-CIO*
>
> Jennifer S. Heitman
> Wilson, Elser, Moskowitz, Edelman & Dicker LLP
> 3 Gannett Drive
> White Plains, NY 10604
> *Attorneys for Secure Watch24*
>
> Rocco Castellano
> 90 Stafford Ave
> Staten Island, New York 10312
> *Defendant*

                                        /s/ *Robert S. Whitman*
                                        Robert S. Whitman