UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
IRINA MORDUKHAYEV, :
:
                       Plaintiff, :         No. 11CV615 (ENV)(CLP)
:
   – against – :
:
HILTON TIMES SQUARE, SUNSTONE HOTEL :
PROPERTIES INVESTORS, INC., HILTON :
HOTELS CORPORATION, FC42 HOTEL LLC, :
SUNSTONE 42nd STREET LLC, SUNSTONE :
42nd STREET LESSEE, INC., SUNSTONE :
HOTEL PROPERTIES, INC. d/b/a HILTON :
TIMES SQUARE, SUNSTONE HOTEL OP, :
SECURE WATCH24 d/b/a SW24, SLAVKA :
KMEE, FOSTER BURNETT, ROCCO :
CASTELLANO, and NEW YORK HOTEL AND :
MOTEL TRADES COUNCIL, AFL-CIO (Union), :
:
                      Defendants. :
:
------------------------------------------------------------ X

## SECUREWATCH24, LLC'S MEMORANDUM OF LAW
## IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER
## SUPPORT OF MOTION TO DISMISS

Of Counsel:
Jennifer Heitman (JH4656)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant
SECUREWATCH24, LLC
3 Gannett Drive
White Plains, New York 10604
(914) 872-7650 Direct
File No. 11522.00035

3332351.1

- 2 -

Defendant Securewatch24, LLC incorrectly sued herein as Securewatch24, LLC d/b/a SW24 ("Defendant" or "Securewatch") respectfully submits this Memorandum of Law in reply to plaintiff's opposition and in further support of its motion to dismiss the claims by Irina Mordukhayev ("Plaintiff" or "Mordukhayev") in her complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

In opposition to the instant motion to dismiss, the plaintiff offers no response. Instead, plaintiff offers a "Statement of Facts" that is merely an editorial, replete with legal conclusions and opinions. Further, plaintiff has failed to identify a justifiable excuse as to why she did not allege sufficient facts in her complaint to support her stated causes of action.

## ARGUMENT

To support her claims, the plaintiff cannot rely on legal conclusions, deductions, and opinions couched as factual allegations. It is not sufficient to allege facts that are merely consistent with a defendant's liability. In order for the plaintiff to defeat this motion to dismiss, the pleadings must demonstrate that it is plausible that Securewatch is liable for the alleged misconduct. With regard to Securewatch, the plaintiff only alleges: it was the Hotel's hired investigator. It failed to disclose certain GPS information including tracking software used. It only used two video cameras, only recorded portions of the room, and did not record audio.

The plaintiff's opposition fails to make clear how the allegations in her complaint are sufficient to make her claims against Securewatch plausible. It is not alleged that Securewatch was plaintiff's employer or made any decisions related to her employment. Although plaintiff's opposition does not allege any further facts as related to Securewatch, a plaintiff is

not able to amend its complaint through statements made in motion papers.  *See* Wright v. Ernst & Young LLP, 152 F.3d 169 (2d Cir. 1998).   The plaintiff's allegations against Securewatch fail to make her claims plausible and, thus, her complaint, in its entirety, must be dismissed as a matter of law.

**I.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS ARE TIME-BARRED**

In her opposition, the plaintiff does not dispute that her claims premised upon intentional infliction of emotional distress are barred by the one-year statute of limitations.  Therefore, the Fourth and Eleventh Causes of Action contained in the plaintiff's complaint must be dismissed as a matter of law.

**II.    HARASSMENT CLAIM NOT PLAUSIBLE AGAINST SECUREWATCH**

In her opposition, the plaintiff does not contest that the "severe and pervasive" standard applies to her harassment claim.  The plaintiff's complaint is devoid of any factual allegations that would permit this Court to infer that the plaintiff's harassment claim against Securewatch is plausible.  Therefore, the First Cause of Action contained in the plaintiff's complaint must be dismissed as a matter of law.

**III.    FALSE IMPRISONMENT CLAIM NOT PLAUSIBLE AGAINST SECUREWATCH**

In support of her false imprisonment claim, the plaintiff makes factual allegations only as to the "Defendant Hotel".  The plaintiff does not make any allegations with regard to Securewatch.  Therefore, the Second Cause of Action contained in the plaintiff's complaint must be dismissed as a matter of law.

3332351.1

### IV. NO PRIVATE RIGHT OF ACTION FOR VIOLATION OF SEARCH AND SURVEILLANCE

The plaintiff does not dispute that there is no common law right to privacy in New York. Further, the plaintiff mis-states the law with regard to New York General Business Law Section 295-b. There is no right to a private cause arising from this statute. Thus, the Third Cause of Action contained in the plaintiff's complaint must be dismissed as a matter of law. *See also* Pellier v British Airways, PLC. 2006 U.S. Dist. LEXIS 3219 (EDNY Jan. 17, 2006).

### VI. WRONGFUL TERMINATION NOT ACTIONABLE

The plaintiff does not dispute that wrongful termination of employment is not actionable in New York. It does not matter that plaintiff is now alleging in her motion papers that her termination was a result of "retaliation". *See* Murphy v. American Home Prods. Corp., 58 N.Y.2d 293 (1983). Thus, the Fifth Cause of Action contained in the plaintiff's complaint must be dismissed as a matter of law.

### VII. DEFAMATION OF CHARACTER, SLANDER, LIBEL, DISPARAGEMENT IN TRADE, AND BREACH OF CONTRACT NOT PLAUSIBLE

In support of these claims, the plaintiff relies on a statement of legal conclusions. She has not asserted any factual allegations against Securewatch that meet the plausibility standard of pleading. The plaintiff's legal conclusions contained in her complaint as well as her opposition to the instant motion are insufficient. The plaintiff does not allege a breach of contract claim against Securewatch. Therefore, the Sixth, Seventh, Eighth, Ninth and Twelfth Causes of Action contained in the plaintiff's complaint must be dismissed as a matter of law.

### VIII. RELIGIOUS DISCRIMINATION CLAIM NOT PLAUSIBLE

The plaintiff has not disputed her failure to exhaust administrative remedies or her failure to allege age discrimination claims. Therefore, the Tenth Cause of Action contained in

the plaintiff's complaint must be dismissed as a matter of law, and any references to the ADEA and ADA must be struck from her complaint.

### IX. PLAINTIFF DOES NOT DISPUTE THAT STATEMENT OF REMEDIES ARE NOT VALID CAUSES OF ACTION

The plaintiff has not disputed that her Thirteenth, Fourteenth and Fifteenth Causes of Action contained in her complaint seek remedies and do not allege a cause of action recognizable in New York.  Therefore, these Causes of Action must be dismissed as a matter of law.

### X. CIVIL CONSPIRACY NOT A RECOGNIZED CAUSE OF ACTION

The plaintiff does not contest that New York does not recognize a cause of action for civil conspiracy.  The plaintiff fails to present sufficient factual allegations to support any tort cause of action against Securewatch.  Therefore, plaintiff has no cause of action premised upon conspiracy against Securewatch.

### CONCLUSION

Based on the arguments set forth in the initial memorandum of law, as well as the foregoing, Securewatch respectfully requests that this Court dismiss the Plaintiff's Complaint as against it with prejudice, in its entirety, and grant such other relief as may be just and proper.

Dated:   White Plains, New York
         May 13, 2011

>                    Respectfully submitted,
>
>                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
>
>                    By:   /s/ Jennifer Heitman
>                          Jennifer Heitman (JH4656)
>                          Attorneys for Defendant
>                          SECUREWATCH24, LLC

3332351.1

3 Gannett Drive
White Plains, New York 10604
(914) 872-7650 Direct
(914) 323-7000 Main Office
jennifer.heitman@wilsonelser.com
File No. 11522.00035

To:    Flora Rainer
Law Office of Flora Rainer, Esq.
7234 73rd Street
Glendale, New York 11385
(718) 644-0214
*Attorneys for Plaintiff*
FloraEsq@aol.com

Robert S. Whitman
Alexis N. Gevanter
SEYFARTH SHAW LLP
*Attorneys for Sunstone Hotel Properties Investors, Inc., Sunstone 42nd Street LLC, Sunstone 42nd Street Lessee, Inc., Sunstone Hotel OP, Sunstone Hotel Properties, Inc. d/b/a Hilton Times Square, Slavka Kmec and Foster Burnett*
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500
rwhitman@seyfarth.com

Barry Saltzman
Pitta & Giblin LLP
*Attorneys for New York Hotel and Motel Trades Council AFL-CIO*
120 Broadway, 28th Floor
New York, New York 10271
(212) 652-3827
bsaltzman@pittagiblin.com

Rocco Castellano
*Defendant*
90 Stafford Ave.
Staten Island, New York 10312

3332351.1